O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FRANCES WILLIS,<br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE, Commissioner of Social Security<br>Defendant. | Case No. CV 07-7541-MLG<br>MEMORANDUM OPINION AND ORDER |

**I. Procedural and Factual History**

Plaintiff Frances Willis ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance ("DIB") and Supplemental Security Income ("SSI") benefits. Plaintiff filed for SSI on October 26, 2001 (Administrative Record ("AR") at 682) and for DIB on December 7, 2001. (AR at 189). She alleges disability beginning June 20, 1998 due to hypertension, osteoarthritis, and depression. (AR at 21).

Plaintiff was born on September 2, 1954 and was 52 years old at the time of the administrative hearing. She completed a high school

education and two years of college. From 1985 to 1997, Plaintiff worked as a counselor in a shelter for homeless parolees. (AR at 95). In addition, for a few months during 2000, Plaintiff worked as a counselor at a boys' home. (AR at 50).

On January 3, 2002, Plaintiff's application was denied at the initial stage of the administrative process. (AR at 18). A de novo hearing was held on September 17, 2002, before Administrative Law Judge ("ALJ") Walter Fisher. (AR at 49-58). On March 18, 2003, the ALJ issued an unfavorable decision ("Decision #1"), determining that Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work. (AR at 128-136). Plaintiff appealed this determination to the Appeals Council. On January 30, 2004, the Appeals Council remanded the matter for further proceedings. (AR at 158-161).

On October 13, 2004, the ALJ again denied the application ("Decision #2"), finding that Plaintiff retained the RFC to perform her past relevant work. (AR at 162-171). Plaintiff appealed this determination to the Appeals Council. On March 22, 2005, the Appeals Council again remanded the matter for further proceedings. (AR at 175-178).

On September 8, 2006, ALJ London Steverson denied the applications ("Decision #3"), finding that Plaintiff retained the RFC to perform her past relevant work. (AR at 137-145). Plaintiff appealed the determination to the Appeals Council. On January 10, 2007, the Appeals Council remanded for further proceedings. (AR at 183-185).

On June 27, 2007, the ALJ denied the applications ("Decision #4"), finding that Plaintiff retained the RFC to perform her past relevant work. (AR at 15-24). The ALJ found that Plaintiff's hypertension and osteoarthritis were severe impairments. (AR at 20).

However, with respect to Plaintiff's claim of depression, the ALJ found that she did not have a "severe" impairment within the meaning of the Social Security regulations. (AR at 20-21); *see* 20 C.F.R. §404.1520(c). The ALJ determined that Plaintiff could return to her past relevant work as a homeless shelter counselor as it is generally performed in the national economy. (AR at 23). The ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, at any time from June 20, 1998 through the date of the decision. (AR at 24). Plaintiff appealed this determination to the Appeals Council. On September 21, 2007, the Appeals Council denied Plaintiff's request for review and Decision #4 became the final decision of the Commissioner. (AR at 8-10).

Plaintiff timely commenced this action for judicial review. Plaintiff contends that the ALJ erroneously concluded that Plaintiff's mental impairment was not severe. The Commissioner disagrees and requests that the Commissioner's final decision be affirmed.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's non-severity finding to be meritorious and remands this matter for further proceedings consistent with this opinion.

**II. <u>Standard of Review</u>**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial

evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. <u>Discussion and Analysis</u>**

The Court agrees with Plaintiff that remand is warranted based on the ALJ's erroneous finding that her mental impairment was non-severe, because that decision is not supported by substantial evidence. The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes

in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Webb v Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

Here, Plaintiff has offered sufficient evidence to demonstrate that her mental impairment has more than a minimal effect on her ability to perform work-related functions. Plaintiff testified regarding her depression, anxiety and difficulty concentrating in four separate hearings before the Social Security Administration's Office of Hearings and Appeals (AR at 52-55, 67-68, 97-101, 121-122). Further, Plaintiff's treating psychiatrist, Dr. Norma Aguilar, diagnosed Plaintiff with depression and anxiety. Dr. Aguilar's report indicates a level of impairment that meets the "de minimis" requirement at this stage of the inquiry. *Smolen*, 80 F.3d at 1290. The ALJ did not persuasively explain why he rejected these findings.

On July 15, 2003, Plaintiff began treatment at Compton Mental Health Center for depression, anxiety and insomnia(AR at 605). She was seen by Dr. Aguilar on a regular basis for over four years. (AR at 593-615). Plaintiff also received individual psychological therapy at Compton Mental Health Center approximately once a month. (AR at 606). In a Mental Impairment Questionnaire completed on May 2, 2005, Dr. Aguilar diagnosed Plaintiff with "major depressive disorder" and assessed Plaintiff with a Global Assessment of Functioning ("GAF") scale of 60. (AR at 606). Dr. Aguilar observed that Plaintiff was "disheveled" and "tearful" and that her "mood is depressed." (AR at

607). Dr. Aguilar also noted that Plaintiff felt "worthless" because she could not "take care of herself anymore." (AR at 607). Dr. Aguilar found that Plaintiff's prognosis was guarded to poor. (AR at 608). Dr. Aguilar determined that Plaintiff had slight limitation in the activities of daily living, but extreme difficulties in maintaining social functioning, constant limitation in concentration, persistence, or pace, and continual limitation in work settings. (AR at 609). Dr. Aguilar prescribed the prescription medications Lexapro, Desyrel and Remeron, as well as monthly individual counseling. (AR at 607).

The ALJ did not give significant weight to Dr. Aguilar's opinion, finding it to be "internally inconsistent" which "lessens its credibility." (AR at 21). The ALJ stated: "Dr. Aguilar opines that the claimant only has slight limitations on her ability to perform activities of daily living, which suggest that her ability to maintain concentration, persistence and pace is not severely limited, in contrast to Dr. Aguilar's opinion that she has extreme difficulty maintaining concentration, persistence or pace." (AR at 21).

In rejecting Dr. Aguilar's opinion, the ALJ adopted the opinion of the examining physician, Dr. Suzanne Dupee. (AR at 21). Dr. Dupee, who examined Plaintiff on one occasion, on December 5, 2005, concluded that Plaintiff had some "mild symptoms of depression," but that Plaintiff had "no cognitive deficits that would impair her ability to work at this time." (AR at 628). The ALJ found that Plaintiff's treating physician's opinion was contradicted by the consultative examination by Dr. Dupee, "who gave [Plaintiff] a GAF score of 65, with no more than slight mental functional limitations."

Plaintiff contends, and the Court agrees, that the examining physician's opinion was not a valid basis for rejecting the treating

physician’s opinion. A treating physician’s opinion must be given controlling weight if it is well-supported and not inconsistent with the other substantial evidence in the record. *Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007); 20 C.F.R. § 404.1527(d)(2). The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinion of another doctor, without first providing specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983) (“If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record”). An examining physician’s opinion constitutes substantial evidence if the physician relied on “independent clinical findings that differ from the findings of the treating physician.” *Orn*, 495 F.3d at 631-32.

Even if there is evidence in the record contradicting a treating physician’s opinion, the opinion is still entitled to deference and must be weighed using the following factors: “[l]ength of the treatment relationship and the frequency of examination” by the treating physician; and the “nature and extent of the treatment relationship” between the patient and the treating physician. 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii); *Orn*, 495 F.3d at 631-33. Other factors to be considered include the supportability of the treating physician’s opinion, consistency with the record as a whole, the specialization of the physician, and the extent to which the physician is familiar with disability programs and evidentiary requirements. 20 C.F.R. §§ 404.1527(d)(3)-(6), 416.927(d)(3)-(6).

Thus, “[i]n many cases, a treating source’s medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.” S.S.R. 96-2p; *Orn*, 495 F.3d at 632-633.

Here, even if the opinion of Dr. Dupee constitutes substantial evidence, Dr. Aguilar’s opinion was still entitled to deference. SSR 96-2p; *Orn*, 495 F.3d at 633. Indeed, the factors identified in the regulations weigh in favor of Dr. Aguilar’s opinion. 20 C.F.R. §§ 404.1527, 416.927. For example, the nature and extent of Plaintiff’s relationship with Dr. Aguilar provides a unique longitudinal perspective on Plaintiff’s mental condition, adding weight to Dr. Aguilar’s opinion. *See* 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii); *Orn*, 495 F.3d at 633. As discussed above, the lengthy administrative record contains countless medical forms and progress reports completed by Dr. Aguilar over a period of more than four years. Dr. Aguilar offered diagnoses of Plaintiff’s mental condition, made clinical findings, assessed Plaintiff’s ability to work, and prescribed a variety of medications.

While Dr. Aguilar’s progress notes do not reveal detailed discussions regarding Plaintiff’s mental condition, “[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel - not to provide evidence for disability determinations.” *Orn*, 495 F.3d at 634. Dr. Aguilar did, however, provide a more reasoned explanation for her opinion in the Mental Impairment Questionnaire by referring to Plaintiff’s symptoms, signs, and prognosis. (AR at 784-87, 911-14); *see* 20 C.F.R. §§ 404.1527(d)(3) (“Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs

and laboratory findings, the more weight we will give that opinion.”), 416.927(d)(3) (same); *see also Orn*, 495 F.3d at 634 (“A medical condition [need not] be mentioned in every report to conclude that a physician’s opinion is supported by the record.”). Thus, when viewed in its entirety, the record provides ample support for Dr. Aguilar’s opinion.

Moreover, the ALJ’s finding at step two of the sequential analysis was not supported by substantial factual evidence. In addition to his reliance on the consulting doctor’s opinion in concluding that Plaintiff does not suffer from a severe mental impairment, the ALJ cited various facts which, even when viewed collectively, do not constitute substantial evidence. (AR at 21). First, the ALJ noted that there were “[g]aps in [Plaintiff’s] mental health treatment.” The ALJ did not, however, specifically identify any gaps in Plaintiff’s mental health history or articulate how such gaps demonstrate that Plaintiff’s impairment is not severe. Second, the ALJ stated that the “medication logs indicate that much of the cause of the claimant’s mental symptoms was due to her appeal of these claims, rather than due to an ongoing underlying mental impairment.” (AR at 21). The single page in Plaintiff’s medical records to which the ALJ refers in support of this argument merely states that, on the day of her appointment with Dr. Aguilar, Plaintiff was feeling “anxious because she [was] going to court for SSI.” (AR at 675). Third, the ALJ noted that the “claimant’s mental health treatment consists primarily of medication refills and not counseling.” To the contrary, Plaintiff testified at three separate hearings that she is seeing a therapist for individual counseling on a monthly basis, in addition to her regular visits to Dr. Aguilar (RT at 66, 100-101, 121-122). Finally,

the only other factual evidence the ALJ identified to support his finding of non-severity was that Plaintiff's "medication logs indicate that [Plaintiff's] response was fair and she denied suicidal ideations, which indicates that medication controls her symptoms," and that Plaintiff has "never been psychiatrically hospitalized." (AR at 21).

Given the minimal threshold required to show that an impairment is severe, the ALJ's determination that Plaintiff's mental impairments are not severe was not supported by substantial evidence. First, the ALJ did not sufficiently articulate any reason to reject the objective findings of Plaintiff's treating physician. Plaintiff's impairments and complaints of anxiety and depression are consistently and objectively documented in her medical records. Second, the factual evidence upon which the ALJ based his decision does not, without more, support a finding of non-severity. The ALJ appears not to have considered the record as a whole, but instead emphasized only selective evidence which was unfavorable to Plaintiff. Accordingly, the ALJ's failure to find Plaintiff's mental impairment severe warrants remand for further proceedings and evaluation of Plaintiff.

**V. <u>Conclusion</u>**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of

such proceedings”); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

Here, the evidence shows an impairment that can be considered “severe” within the meaning of the Social Security Regulations, but which might not prevent Plaintiff from performing either her past work or some work in the national economy. However, that is not a determination that this Court can make. Accordingly, the case is remanded for further evaluation in accordance with the five-step sequential process.

**ORDER**

For the reasons stated above, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

Dated: October 2, 2008

Marc L. Goldman
United States Magistrate Judge